ARPIN *v.* DEL TORO, DISTRICT JUDGE.

APPLICATION for a writ of Certiorari.

No. 4.—Decided April 3, 1905.

CERTIORARI—PETITIONER NOT A PARTY TO THE PRINCIPAL ACTION.—Where the applicant for a writ of *certiorari* is not a party to the principal action, it will not prevent him from pursuing said remedy, because if the proceedings in such a case should produce results prejudicial to his interests he thereby becomes an interested party to the extent that he may seek a writ of *certiorari.*

ID.—WHEN THE REMEDY WILL LIE.—The writ of *certiorari* is a privileged and extraordinary remedy which can only be resorted to in the absence of adequate remedy to repair the injury.

The facts are stated in the opinion.

*Mr. López Landrón,* for petitioner.

*Mr. Alvarez Nava,* for opponent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Arsenio L. Arpin makes application for a writ of *certiorari* in a petition duly sworn to, seeking reparation for injuries caused him in an action to which he was not a party. It appears that in a declaratory action in the matter of recognition of a servitude and the execution of an instrument, brought by Ramón Valdés against Pedro del Valle Franco and Guillermo David Noble y Ruiz, a final judgment was rendered on December 30, 1899, the adjudging portion of which provides as follows:

"We judge that we should, and we hereby do sustain the complaint filed by Ramón Valdés Cobián, and by virtue thereof that we should, as we do, adjudge Pedro del Valle Franco and Guillermo David Noble, to present to the Registrar of Property of Caguas the title deeds to the land sold by Valle to Noble and the title deed of Valle to said lands; and that the defendants execute the deed necessary to correct the defects which prevent the record of the servitude established by Valle in the instrument of October, 1898, the court to do so at his expense upon his failure to execute it, in the manner prescribed by law, the costs in the first and second instance being taxed against the defendants. We so pronounce, order and sign by this our irrevocable judgment.—José S. Quiñónez.—Juan Morera Martínez.—Francisco de P. Acuña. Mr. Justice José C. Hernández voted in writing. José S. Quiñónez. Herminio Díaz."

Upon the return of the record to the court of San Juan, the execution of the foregoing judgment was proceeded with, and after several orders were issued and a number of demands upon Valle and Noble for the execution of the instrument were made, a servitude was established on two parcels of land situated in the *barrios* of Ceditro and Doña Elena, in the municipal district of Comerío, which Arpin had acquired free from encumbrances of Guillermo David Noble, as he states, by deed of May 20, 1899, the possession of which is recorded in the name of the purchaser in the Registry of Property of Caguas.

It does not appear from the records forwarded by virtue of this writ of *certiorari* that the registrar recorded the servitude on Arpin's lands in favor of Valdés, but this fact was recognized by counsel for the parties who were present at the hearing on the application for the writ of *certiorari,* Valdés confining his argument to the justice of the establishment of the servitude, by which act he acknowledged the fact of its establishment. It cannot be denied that Arsenio L. Arpin was not a party to the proceedings in the matter of the servitude, and in enforcing the execution of the judgment and placing servitude on his property, he has suffered great dam-

age, for which reason he is interested in seeking a review of these proceedings.

A great deal might be said about the irregularity of these proceedings, but considering the special nature of the law authorizing the issuance of writs of *certiorari,* approved by the Legislative Assembly of this Island on March 10, 1904, the conclusion is reached that this remedy is of a privileged and extraordinary character and recourse cannot be had thereto until the adequate remedies to repair the injuries caused have been availed of.

The ordinary procedure provides an action for the annulment of the record of the servitude referred to, which may be brought in due form with the citation of the proper persons, and a preliminary injunction or restraining order issued in conjunction with such action if it should become necessary to prevent any act which might tend to damage the property.

And if this be so, it must be agreed that this application for the writ of *certiorari* should not be granted so long as the petitioner may make use of an ordinary remedy which is adequate to guarantee and protect each and every one of his rights.

Therefore, the undersigned judge recommends that no order whatever should issue with respect to the annulment of all or a part of the proceedings had in execution of the judgment rendered in favor of Ramón Valdés in the action which he prosecuted against Guillermo David Noble and Pedro del Valle Franco for the execution of a deed and the establishment of a servitude.

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Wolf did not sit with the court at the hearing of this case.